VICTOR M. FELIX, SBN 179622
victor.felix@procopio.com
ROBERT H. SLOSS, SBN 87757
robert.sloss@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
633 W. Fifth Street, Suite 2868
Los Angeles, CA 90071
Telephone: 619.238.1900
Facsimile: 619.235.0398

DANIEL E. YONAN (*pro hac vice* to be filed)
Email: dyonan@sternekessler.com
MICHAEL E. JOFFRE (*pro hac vice* to be filed)
Email: mjoffre@sternekessler.com
NIRAV N. DESAI (*pro hac vice* to be filed)
Email: ndesai@sternekessler.com
JONATHAN TUMINARO (*pro hac vice* to be filed)
Email: jtuminar@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-2600
Facsimile: 202-371-2540

Attorneys for Plaintiff
JUUL LABS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VAPE4U, LLC, a California limited liability company,<br><br>Defendant. | Case No.<br><br>**PLAINTIFF JUUL LABS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Defendant Vape4U, LLC ("Vape4U" or "Defendant") and alleges as follows:

### NATURE OF THIS ACTION

1. This is a civil action arising out of Vape4U's patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

**PARTIES**

1. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

2. On information and belief, Vape4U is a California limited liability company with its principal place of business at 8926 Benson Avenue, Suite E, Montclair, CA 91763. California Secretary of State corporate records available on-line for Vape4U are attached hereto as Exhibits 1 and 2.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Vape4U because Vape4U is incorporated in this judicial district, and it has purposefully distributed the accused Zalt Pod products within California, made those products available for sale through an established distribution chain, including on Vape4U's website (www.vapezalt.com), and Juul's cause of action for patent infringement arises out of these activities. *See* Exhibit 3 [Web Printout of Vape4U's Online Store Showing Several Zalt Pods for Sale]; Exhibit 4 [Web Printout of Vape4U's Online Store Showing Berry Lemonade Zalt Pods for Sale]; Exhibit 15 [Web Printout of Terms and Conditions identifying Vape4U as the owner of vapezalt.com].

5. Venue in this judicial district is proper for Vape4U under 28 U.S.C. §§ 1391 and 1400(b) because Vape4U resides in this judicial district, regularly conducts business in this District, and because Vape4U has committed acts of infringement in this judicial district.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,058,129**

6. Juul re-alleges and incorporates by reference Paragraphs 1-5 above, as if fully set forth herein.

7. On August 28, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,058,129, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas Hibma Cronan. The '129 patent issued from U.S.

Application No. 15/379,898, filed December 15, 2016. There are no fees currently due with respect to the '129 patent.

8. The '129 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '129 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '129 patent is valid and enforceable. A true and correct copy of the '129 patent is attached as Exhibit 5.

9. Juul virtually marks its products with the appropriate patent numbers, including the '129 patent.

10. On information and belief, Vape4U manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Zalt Pod cartridges that infringe the '129 patent under 35 U.S.C. § 271(a). Specifically, the Zalt Pod cartridges infringe claims 1-3, 5-8, 12, 13, 16-20, and 22 of the '129 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Zalt Pod cartridges is attached as Exhibit 6.

11. By its actions, Vape4U's infringement of the '129 patent has irreparably harmed Juul. Unless Vape4U's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

12. By its actions, Vape4U's infringement of the '129 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Vape4U's infringing acts.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,104,915**

13. Juul re-alleges and incorporates by reference Paragraphs 1-12 above, as if fully set forth herein.

14. On October 23, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,104,915, entitled "Securely attaching cartridges for vaporizer devices," to inventors Adam Bowen, Steven Christensen, James Monsees, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '915 patent issued from U.S.

Application No. 15/815,666, filed November 16, 2017. There are no fees currently due with respect to the '915 patent.

15. The '915 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '915 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '915 patent is valid and enforceable. A true and correct copy of the '915 patent is attached as Exhibit 7.

16. Juul virtually marks its products with the appropriate patent numbers, including the '915 patent.

17. On information and belief, Vape4U manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Zalt Pod cartridges that infringe the '915 patent under 35 U.S.C. § 271(a). Specifically, the Zalt Pod cartridges infringe claims 10, 15, 17, 29-31, and 32 of the '915 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Zalt Pod cartridges is attached as Exhibit 8.

18. By its actions, Vape4U's infringement of the '915 patent has irreparably harmed Juul. Unless Vape4U's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

19. By its actions, Vape4U's infringement of the '915 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Vape4U's infringing acts.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,111,470**

20. Juul re-alleges and incorporates by reference Paragraphs 1-19 above, as if fully set forth herein.

21. On October 30, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,111,470, entitled "Vaporizer apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '470 patent issued from U.S. Application No.

15/833,873, filed December 6, 2017. There are no fees currently due with respect to the '470 patent.

22. The '470 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '470 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '470 patent is valid and enforceable. A true and correct copy of the '470 patent is attached as Exhibit 9.

23. Juul virtually marks its products with the appropriate patent numbers, including the '470 patent.

24. On information and belief, Vape4U manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Zalt Pod cartridges that infringe the '470 patent under 35 U.S.C. § 271(a). Specifically, the Zalt Pod cartridges infringe claims 1-4, 7, 8, 10, and 11 of the '470 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Zalt Pod cartridges is attached as Exhibit 10.

25. By its actions, Vape4U's infringement of the '470 patent has irreparably harmed Juul. Unless Vape4U's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

26. By its actions, Vape4U's infringement of the '470 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Vape4U's infringing acts.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,117,465**

27. Juul re-alleges and incorporates by reference Paragraphs 1-26 above, as if fully set forth herein.

28. On November 6, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,117,465, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '465 patent issued from U.S.

Application No. 15/813,096, filed November 14, 2017. There are no fees currently due with respect to the '465 patent.

29.  The '465 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '465 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '465 patent is valid and enforceable. A true and correct copy of the '465 patent is attached as Exhibit 11.

30.  Juul virtually marks its products with the appropriate patent numbers, including the '465 patent.

31.  On information and belief, Vape4U manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Zalt Pod cartridges that infringe the '465 patent under 35 U.S.C. § 271(a). Specifically, the Zalt Pod cartridges infringe claims 1-7, 9-19 and 20 of the '465 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Zalt Pod cartridges is attached as Exhibit 12.

32.  By its actions, Vape4U's infringement of the '465 patent has irreparably harmed Juul. Unless Vape4U's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

33.  By its actions, Vape4U's infringement of the '465 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Vape4U's infringing acts.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,117,466**

34.  Juul re-alleges and incorporates by reference Paragraphs 1-33 above, as if fully set forth herein.

35.  On November 6, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,117,466, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Nicholas Jay Hatton, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '466 patent issued

from U.S. Application No. 15/815,645, filed November 16, 2017. There are no fees currently due with respect to the '466 patent.

36.     The '466 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '466 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '466 patent is valid and enforceable. A true and correct copy of the '466 patent is attached as Exhibit 13.

37.     Juul virtually marks its products with the appropriate patent numbers, including the '466 patent.

38.     On information and belief, Vape4U manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Zalt Pod cartridges that infringe the '466 patent under 35 U.S.C. § 271(a). Specifically, the Zalt Pod cartridges infringe claims 1, 4-8, 10, 12, 14, 16-22 and 23 of the '466 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Zalt Pod cartridges is attached as Exhibit 14.

39.     By its actions, Vape4U's infringement of the '466 patent has irreparably harmed Juul. Unless Vape4U's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

40.     By its actions, Vape4U's infringement of the '466 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Vape4U's infringing acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Vape4U as follows:

A.     That Vape4U and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and its heirs, successors and assigns, and all persons acting in concert or participation with Vape4U and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the

claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

  B. A judgment by the Court that Vape4U has infringed U.S. Patent Nos. 10,058,129; 10,104,915; 10,111,470; 10,117,465, and 10,117,466;

  C. An award of damages for infringement of U.S. Patent Nos. 10,058,129; 10,104,915; 10,111,470; 10,117,465, and 10,117,466 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Vape4U's infringement, as provided by 35 U.S.C. § 284;

  D. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of reasonable attorneys' fees;

  E. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

  F. For costs of suit; and

  G. For such other or further relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: November 20, 2018  /s/ *Victor M. Felix*

  Victor M. Felix
  Robert H. Sloss
  PROCOPIO, CORY, HARGREAVES
   & SAVITCH LLP

  633 W. Fifth Street, Suite 2868
  Los Angeles, CA 90071
  Telephone: 619.238.1900
  Facsimile: 619.235.0398

  victor.felix@procopio.com
  robert.sloss@procopio.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel E. Yonan
Michael E. Joffre
Nirav N. Desai
Jonathan Tuminaro
STERNE, KESSLER, GOLDSTEIN & FOX PLLC

1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
(202) 371-2540 (fax)

dyonan@sternekessler.com
mjoffre@sternekessler.com
ndesai@sternekessler.com
jtuminar@sternekessler.com

*Attorneys for Plaintiff Juul Labs, Inc.*